**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re:<br><br>AKA Auto Brokers, LLC<br><br>Debtor.(s) | Case No. 23-01861-eg<br><br>Chapter 7<br><br>NOTICE OF MOTION FOR RELIEF FROM AUTOMATIC STAY (11 U.S.C. § 362(A)) |

**TO: DEBTOR, TRUSTEE AND THOSE NAMED IN THE ATTACHED MOTION**

PLEASE TAKE NOTICE THAT a hearing will be held on the attached motion on:

Date:   **September 28, 2023**

Time: **10:30 a.m.**

Place:   145 King Street, Room 225 Charleston, SC 29401

Within fourteen (14) days after service (Any Trustee appointed, shall have fourteen (14) days from the entry of the order converting the case) of the attached motion, the notice of motion, and the movant's certification of facts, any party objecting to the relief sought shall:

(1) File with the Court a written objection to the 11 U.S.C. § 362 Motion;

(2) File with the Court a certification of facts;

(3) Serve on the Movant, and any appointed trustee, items 1 and 2 above at the address shown below; and

(4) File a certificate of such service with the Court.

If you fail to comply with this procedure, you may be denied the opportunity to appear and be heard on this proceeding before the Court.

Date of issuance: August 29, 2023

**Markham Law Firm, LLC**

Date of Service: August 29, 2023

/s/Sean Markham
Sean Markham, I.D. # 10145
Attorney for Movant
PO Box 101
Mount Pleasant, SC 29465
Tel: 888-327-0054
Email: sean@markhamlawsc.com

1

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re: | Case No. 23-01861-eg |
| AKA Auto Brokers, LLC | Chapter 7 |
| Debtor.(s) | |

## MOTION TO LIFT STAY

Terrance Cosby ("Movant") hereby moves for relief from the automatic stay of 11 U.S.C. §362(a), on the following grounds:

### STATUTORY PREDICATES FOR RELIEF

1. This Court has jurisdiction of this proceeding as a core matter under 28 U.S.C. §157(b)(2)(G).

2. Venue of this proceeding and this Motion is properly in this district under 28 U.S.C. §§ 1408 and 1409.

3. The statutory basis for the relief requested is 11 U.S.C. § 362(d).

### FACTS

4. Movant is a plaintiff with claims against the Debtor for damages resulting from fraud, misrepresentation, breach of warranty of title, violation of statute regulating motor vehicle dealers, and unfair trade practices.

5. Movant filed an action before the Court of Common Pleas in Dorchester County, Case No. 2023-CP-18-00176 ("State Court Action").

6. The Debtor did not file an answer and is in default.

7. Debtor filed for relief under Chapter 7 of the U.S. Bankruptcy Code on June 27, 2023.

8. Movant is informed and believes that the Debtor has a statutorily required motor vehicle dealer bond through Old Republic Surety Company to pay his claims

### ARGUMENT

Movant believes that the motor vehicle bond is the primary method of recovery for

2

Movant's claims against the Debtor. Movant is seeking permission to proceed with the State Court Action to enforce those claims against the Debtor's motor vehicle bond.

Movant asserts that relief from the Stay for "cause" exists under 11 U.S.C. § 362(d)(1). Movant further asserts that the motor vehicle bond proceeds are not property of the bankruptcy estate and relief is also proper under subsection (d)(2).

When evaluating requests for relief from the Stay courts must balance the hardship to the Creditor with the potential hardship to the Debtor. In carrying out this balancing test, Courts have considered numerous factors, including:

> (1) whether the issues in the pending litigation involve only state law, so the expertise of the bankruptcy court is unnecessary; (2) whether modifying the stay will promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because matters would have to be litigated in bankruptcy court; and (3) whether the estate can be protected properly by a requirement that creditors seek enforcement of any judgment through the bankruptcy court.
>
> In re Robbins, 964 F.2d 342, 345 (4th Cir. 1992)

The estate is easily protected because Movant is seeking to recover against a motor vehicle bond that is not part of the bankruptcy estate and is limiting his claims to only recover against the Debtor's motor vehicle bond.

**Lifting The Stay Would Allow For A Complete Resolution Of The Claims Between The Debtor And Movant And Are Areas Of Litigation That Involve Only State Law**

This litigation pertains to a simple auto dealer fraud suit under state law and does not require the expertise of the bankruptcy court. Additionally, conducting the State Court Action in the bankruptcy court would create a burden for all parties since the situs and the parties are in Dorchester County, not Charleston. Keeping the State Court Action in state

court will promote judicial economy by eliminating the need for the parties to travel to Charleston and litigate these issues. Therefore, cause exists under (d)(1) to grant relief from stay under the factors set out in the Robbins case.

### Debtor Has Motor Vehicle Dealer Bond Coverage For Movant's Claims And Any Recovery Against The Bond Will Not Interfere With The Bankruptcy Estate

"A party may also seek relief from the stay when the party needs to obtain a judgment against the debtor in name only in order to recover from the debtor's insurer." [3 Collier on Bankruptcy P 362.07 (16th 2019)](). Here Movant is seeking to proceed against the Debtor's motor vehicle dealer bond coverage. "Because the policy proceeds will be available only to creditors with the type of claims covered by the policy, there is no depletion of assets that would otherwise be available to satisfy general, unsecured claims, and there is therefore no reason to delay the creditor seeking to recover under the policy." *Id.* As such the estate does not have an interest in the bond and as such relief from stay can be granted under 11 U.S.C. § 362(d)(2)(B).

### Lifting The Stay Will Not Impose A Substantial Hardship On The Debtor, And That Limited Hardship Does Not Outweigh The Prejudice To Movant If The Litigation Is Delayed

Movant is likely to be prejudiced through the passage of time that may result in the loss of evidence, witnesses, and a delay before an award is granted.

The delay of the Debtor's bankruptcy will interrupt ongoing litigation that has proceeded through the entry of default. Waiting 60 days to see if the bankruptcy is closed is a significant burden and will cause delaying the recovery for Movant, who was damaged. The resulting delays will prejudice the Movant as evidence and memories fade. Therefore, cause exists under 11 U.S.C. § 362(d)(1) to grant relief from stay under the factors set out in Robbins.

Movant is further concerned that even if it waited until the bankruptcy is closed and a discharge is ordered, the state court judge may still require an order allowing it to move forward. Movant is seeking this order for the additional benefit of providing a "comfort

order" for the state court judge should the issue of a prior pending bankruptcy be raised as a reason to delay the litigation.

## CONCLUSION

Movant assert that the Debtor will not be prejudiced by the granting stay relief. Movant is only moving to assert against the Debtor's motor vehicle dealer bond. The estate will not have to pay Movants' claims. Further, judicial economy will be served by allowing ongoing litigation to remain where the case was already filed and counsel retained.

Wherefore, Movant respectfully requests that after such notice and hearing as this Court deems appropriate, the Court enter an order under 11 U.S.C. §362(d)(1) granting stay relief for cause, or granting relief from the stay under 11 U.S.C. § 362(d)(2)(B) because the Debtor does not have an interest in the dealer bond. Movant further requests that the order allow Movants to prosecute the State Court Action as provided by applicable law, to provide any notices and pleadings regarding the State Court Action as required by law, and to award any additional relief as the Court may deem proper. Movant specifically asserts that any claim he receives against the Debtor will only be pursued against the motor vehicle dealer bond in effect that covers Movant's claims.

**Markham Law Firm, LLC**

  /s/Sean Markham
Sean Markham, I.D. # 10145
P.O. Box 101
Mount Pleasant, SC 29465
Tel: 843-284-3646
sean@markhamlawsc.com

and

**Connor Law, PC**

Andrew M. Connor, ID #11191
1501 Belle Isle Avenue, Suite 110
Mount Pleasant, SC 29464
Telephone:  (843) 606-1578
 Facsimile:   (843) 606-1578

andrew@connor.law

*Attorneys for Movant*

Date of Service: August 29, 2023

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| In re:<br><br>AKA Auto Brokers, LLC<br><br>Debtor.(s) | Case No. 23-01861-eg<br><br>Chapter 7 |
|---|---|

**CERTIFICATION OF FACTS**

In the above-entitled proceeding, in which relief is sought by Terrance Cosby ("Movant") from the automatic stay provided by 11 U.S.C. § 362, I do hereby certify to the best of my knowledge that the following:

(1) <u>Nature of Movant's Interest.</u>

Claim against Debtor for damages related to fraud, misrepresentation, breach of warranty of title, violation of statute regulating motor vehicle dealers, and unfair trade practices. Movant is seeking to pursue its claims only against the Debtor's statutorily required motor vehicle dealer bond.

(2) <u>Brief Description of Security Agreement, copy attached (if applicable)</u>.

None

(3) <u>Description of Property Encumbered by Stay (include serial number, lot and block number, etc.).</u>

Debtor's motor vehicle dealer bond with Old Republic Surety Company.

(4) <u>Basis for Relief (for cause, property not necessary for reorganization, debtor has no equity, property not property of estate, etc.) include applicable subsection of 11 U.S.C. § 362).</u>

6

Property is unnecessary for reorganization, there is no equity, and it is not property of the estate.  Therefore the basis is 11 U.S.C. § 362(d)(2).

(5)  Prior Adjudication by Other Courts, copy attached (Decree of Foreclosure, Order for Possession, Levy of Execution, etc., if applicable).

None yet.

(6)  Valuation of Property, copy of Valuation attached (Appraisal, Blue Book, etc.):

Not applicable.

(7)  Amount of Debtor's Estimated Equity (using figures from paragraph 6, supra).

None.

(8)  Month and Year in Which First Direct Post-petition Payment Came Due to Movant (if applicable).

Not applicable.

(9)(a)  For Movant/Lienholder (if applicable): List or attach a list of all post-petition payments received directly from debtor(s), clearly showing date received, amount, and month and year for which each such payment was applied.[1]

(b)  For Objecting Party (if applicable): List or attach a list of all post-petition payments included in the Movant's list from (a) above which objecting party disputes as having been made.  Attach written proof of such payment(s) or a statement as to why such proof is not available at the time of filing this objection.

Not applicable.

(10)  Month and Year for Which Post-petition Account of Debtor(s) is Due as of the Date of this Motion:

Not applicable.

**Markham Law Firm, LLC**

Date of Service: August 29, 2023        /s/Sean Markham
                                           Sean Markham, I.D. # 10145

---

1 This requirement may not be met by the attachment of a payment history generated by the movant. Such attachment may be utilized as a supplement to a complete and detailed response to (9)(a) above, which should be shown on this certification.

PO Box 101
Mount Pleasant, SC 29465
Tel: 888-327-0054
Email: sean@markhamlawsc.com

and

**Connor Law, PC**

Andrew M. Connor ID# 11191
1501 Belle Isle Avenue, Suite 110
Mount Pleasant, SC 29464
Telephone:  (843) 606-1578
 Facsimile:   (843) 606-1578
andrew@connor.law

*Attorneys for Movant*